MANATT, PHELPS & PHILLIPS, LLP
ANDREW A. BASSAK (Bar No. CA 162440)
E-mail: ABassak@manatt.com
ANN M. HEIMBERGER (Bar No. CA 197060)
E-mail: AHeimberger@manatt.com
ROSS K. NAUGHTON (Bar No. CA 254926)
E-mail: RNaughton@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff
DEBORAH DI GRAZIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH DI GRAZIA, a widow,<br><br>Plaintiff,<br><br>vs.<br><br>SAZERAC COMPANY, INC., a Louisiana corporation; and DOES 1-20,<br><br>Defendants. | No. 5:08-CV-01562 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Date: July 7, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. James Ware |

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action, Plaintiff Deborah di Grazia ("Mrs. di Grazia") and Defendant Sazerac Company, Inc. ("Sazerac") together submit this Joint Case Management Conference Statement, with Proposed Order, and respectfully request that the Court adopt it as the Case Management Order in this case.

**1.  JURISDICTION AND SERVICE**

Defendant asserts that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Mrs. di Grazia is a resident of Monterey County, California and Sazerac is incorporated in the state of Louisiana and has its principal place of business in New Orleans, Louisiana. Presently there are no issues regarding personal jurisdiction or venue, and all parties have been served.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT, WITH PROPOSED ORDER
5:08-CV-01562 JW

## 2. **FACTS**

**Brief Chronology.** Herradura Tequila, S.A. ("Herradura"), a Mexican corporation, is a producer, bottler and exporter of tequila known under the names Herradura Gold, Herradura Silver, Herradura Anejo and other brands (collectively referred to as "Herradura Brands" or "the Brands"). On or about April 28, 1981, Herradura appointed Mrs. di Grazia's husband, Mr. Loris di Grazia, as its exclusive representative to import and sell the Brands in the United States. Mrs. di Grazia alleges that, from that time and until his death, Mr. di Grazia had a strong business relationship and friendship with the president of Herradura, Guillermo Romo.

On October 21, 1991, Mr. di Grazia entered into an agreement with Sazerac (the "Sazerac-di Grazia Agreement"). Pursuant to the Sazerac-di Grazia Agreement, Mr. di Grazia relinquished his rights as the exclusive representative of Herradura in the United States, in order to allow Sazerac to acquire that role. The Sazerac-di Grazia Agreement was conditioned on Sazerac entering into a separate agreement with Herradura to import and to distribute Herradura Brands. In exchange, Sazerac agreed to pay Mr. di Grazia a contingent initial payment, plus subsequent payments based upon purchases of the Brands by Sazerac.

At the same time, on October 21, 1991, Sazerac entered into an agreement with Herradura (the "Sazerac-Herradura Agreement"). Under the terms of the Sazerac-Herradura Agreement, Herradura appointed Sazerac as the exclusive importer, seller, marketer and distributor of Herradura Brands in the United States. In exchange, Sazerac agreed to accept such appointment and to perform its obligations under the Sazerac-Herradura Agreement. For approximately fifteen years, Sazerac made purchases of Herradura Brands pursuant to the Sazerac-Herradura Agreement, and it made regular payments to Mr. di Grazia based on those purchases.

Mr. di Grazia died in February 2006. Sazerac continued to pay Mrs. di Grazia, his widow, pursuant to the terms of the Sazerac-di Grazia Agreement.

At some point in 2006, Brown-Forman Corp. ("Brown-Forman") acquired Herradura. Brown-Forman is a producer and distributor of spirits. Mrs. di Grazia alleges that either Brown-Forman or Herradura, or both, on the one hand, and Sazerac, on the other hand,

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5

2

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT, WITH PROPOSED ORDER
5:08-CV-01562 JW

entered into an agreement whereby Sazerac voluntarily gave up its rights to distribute Herradura Brands in the United States.  Mrs. di Grazia further alleges that in exchange for giving up those rights, Sazerac received a substantial payment or other valuable consideration from either Brown-Forman or Herradura, or both, based on the profits Sazerac anticipated realizing from the sale of Herradura Brands it expected to purchase through the remaining term of the Sazerac-Herradura Agreement.  Mrs. di Grazia claims that she is legally and equitably entitled to a portion of that payment or valuable consideration that Sazerac received in lieu of purchases of the Brands it otherwise would have made.  Sazerac disputes Mrs. di Grazia's characterization of these events and asserts that, under the express terms of the Sazerac-di Grazia Agreement and the Sazerac-Herradura Agreement, it is not obligated to make any further payments to Mrs. di Grazia.  Sazerac has made no additional payments to Mrs. di Grazia since on or about October 2006.

Mrs. di Grazia initiated this lawsuit on February 20, 2008, in the Superior Court of the State of California, County of Monterey.  On March 21, 2008, Sazerac removed the case to this Court, and on March 28, 2008 (Dkt. No. 1), Sazerac filed a Motion to Dismiss (Dkt. No. 7).  Mrs. di Grazia opposed the motion (Dkt. No. 11) and the Court heard oral argument on June 9, 2008, taking the matter under submission (Dkt. No. 13).  As a result, Sazerac has not yet answered the Complaint.

**<u>Issues.</u>**  The principal factual disputes between the parties are set forth above in the "Brief Chronology." *See supra* pp. 2-3.  There are no factual disputes as to the existence of the contracts, the execution of the contracts, or the parties to the contracts.  Resolution of this matter will turn on the parties' rights and obligations under the subject contracts and their equitable rights and obligations otherwise imposed by law, if any, and on whether Mrs. di Grazia's rights obligate Sazerac to make additional payments to Mrs. di Grazia.  Should Sazerac be found liable on any of Mrs. di Grazia's claims, the parties anticipate there will be a factual dispute concerning the calculation of damages.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5                                    3

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT, WITH PROPOSED ORDER
5:08-CV-01562 JW

## 3. **LEGAL ISSUES**

**Plaintiff's statement.**  In Mrs. di Grazia's view, the principal legal issues in dispute are:

a. Whether Sazerac breached its contractual duty to pay her "based upon purchases of the Brands by Sazerac" when it failed to pay her after receiving a substantial payment or other valuable consideration from either Brown-Forman or Herradura in lieu of purchases of the Herradura Brands it otherwise would have made during the remaining term of the Sazerac-Herradura Agreement.

b. Whether by voluntarily giving up its distribution rights of Herradura Brands in exchange for a substantial payment or other valuable consideration Sazerac breached the implied covenant of good faith and fair dealing in the contract with Mrs. di Grazia by injuring her right to receive the benefits of the agreement. *Andrews v. Mobil Aire Estates*, 125 Cal. App. 4th 578, 589 (2005); *Carma Developers Inc. v. Marathon Development Cal. Inc.*, 2 Cal 4th 342, 374 (1992).

c. Whether by voluntarily giving up its distribution rights of Herradura Brands in exchange for a substantial payment or other valuable consideration Sazerac has unjustly enriched itself. *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1669-70 (1992); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 794 (2003).

d. Whether by voluntarily giving up its distribution rights of Herradura Brands in exchange for a substantial payment or other valuable consideration Sazerac breached the duty it owed Mrs. di Grazia, under the Sazerac-Herradura Agreement as incorporated into the Sazerac-di Grazia Agreement, to "use its best efforts to import, sell, market and distribute" the Brands. *Bloor v. Falstaff Brewing Corp.,* 454 F. Supp. 258 (S.D.N.Y 1978), *aff'd*, 601 F.2d 609 (2d Cir. 1979); *Cates Constr. v. Talbot Partners*, 21 Cal. 4th 28, 40 (1999); *Shaw v. Regents of University of California*, 58 Cal. App. 4th 44, 54 (1997).

e. Whether by voluntarily giving up its distribution rights of Herradura Brands, Sazerac breached an implied covenant to continue purchasing Herradura Brands. *College

1  *Block v. Atlantic Richfield Co.*, 206 Cal. App. 3d 1376 (1988); *Cousins Investment Co. v.*

2  *Hastings Clothing Co.*, 45 Cal. App. 2d 141 (1941).

3        f.     Whether Mrs. di Grazia may maintain a claim for breach of contract as a

4  third-party beneficiary of the Sazerac-Herradura Agreement. *Souza v. Westlands Water Dist.*,

5  135 Cal. App. 4th 879, 891 (2006); Cal. Civ. Code § 1559; *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d

6  936, 943 (1976).

7        **Defendant's statement.**  In Sazerac's view, the principal legal issues in dispute

8  are:

9        a.     Whether Mrs. di Grazia is entitled to any further payments from Sazerac

10  when: (i) the Sazerac-di Grazia Agreement states that such payments shall be "based upon

11  purchases of the Brands by Sazerac"; (ii) the Sazerac-di Grazia Agreement expressly defines the

12  terms "purchases" as "deemed to have occurred when ownership of the Brands has transferred

13  from Herradura to Sazerac at the F.O.B. point"; and (iii) Mrs. di Grazia does not allege that

14  Sazerac has made any "purchases" from Herradura for which she (or her husband) have not been

15  paid pursuant to the Sazerac-di Grazia Agreement. *Levi Strauss & Co. v. Aetna Casualty and*

16  *Surety Co.*, 184 Cal. App. 3d 1479, 1486 (1986); *Walnut Creek Pipe Dist. v. Gates Rubber Co.*

17  *Sales Div.*, 228 Cal. App. 2d 810, 815 (1964).

18        b.     Whether any of Mrs. di Grazia's claims can survive when Sazerac has not

19  breached any specific term of either the Sazerac-di Grazia Agreement or the Sazerac-Herradura

20  Agreement. *Gulf Ins. Co. v. Hi-Voltage Wire Words, Inc.*, 388 F. Supp. 2d 1134, 1136-37 (E.D.

21  Cal. 2005).

22        c.     Whether Mrs. di Grazia can rely on the "best efforts" clause in the Sazerac-

23  Herradura Agreement when she is not a party to that agreement and that agreement is not

24  incorporated in the Sazerac-di Grazia Agreement. *Shaw v. Regents of University of California*, 58

25  Cal. App. 4th 44, 54 (1997).

26        d.     Whether the "best efforts" clause in the Sazerac-Herradura Agreement

27  requires Sazerac to maximize purchases and sales when the agreement itself states that "[s]uch

28  efforts shall be directed toward establishing and maintaining the Brands as premium products in

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5

5

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT, WITH PROPOSED ORDER
5:08-CV-01562 JW

1  the distilled spirits industry." *National City Police Officers' Assn. v. City of National City*, 87
2  Cal. App. 4th, 1274, 1279 (2001).

3     e. Whether the implied terms alleged by Mrs. di Grazia may vary the express
4  terms of the Sazerac-di Grazia Agreement. *Carma Developers, Inc. v. Marathon Development*
5  *Cal. Inc.*, 2 Cal. 4th 342, 374 (1992).

6     f. Whether Mrs. di Grazia may maintain a claim for breach of contract as a
7  third-party beneficiary of the Sazerac-Herradura Agreement. *Souza v. Westlands Water Dist.*,
8  135 Cal. App. 4th 879, 891 (2006); Cal. Civ. Code § 1559; *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d
9  936, 943 (1976).

**4. MOTIONS**

On March 28, 2008, Sazerac filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 13, 2008, Mrs. di Grazia opposed this Motion; on May 23, 2008, Sazerac replied. On June 6, 2008, the Court held a hearing on this Motion and took it under submission. The Court has not yet issued a ruling on this Motion. There are no other motions pending and no additional motions anticipated by the parties at this time.

**5. AMENDMENT OF PLEADINGS**

Neither party expects to add any additional parties, claims, or defenses at this time, but each party reserves its right to seek leave to do so during the course of this litigation.

**6. EVIDENCE PRESERVATION**

Counsel have advised their respective clients to refrain from any document destruction, and to cease any document destruction program and any programmatic erasure of voice-mail, e-mail, and other electronically stored material.

**7. DISCLOSURES**

The parties have jointly agreed that their initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure will be due 21 days from the day that the Court rules on Sazerac's Motion to Dismiss.

**8. DISCOVERY**

No discovery has been taken to date.

At this time, the parties do not intend to conduct discovery in separate phases, nor do the parties intend to limit or modify the Federal Rules of Civil Procedure or this Court's Local Rules regarding discovery, but reserve the right to seek leave to do so during the course of this action. The parties expect that discovery in this case will involve material that is considered confidential and proprietary to one or both parties and in such an event, intend to propose a stipulated protective order for entry by the Court.

The parties propose that discovery be conducted on the schedule outlined in Paragraph 17, *supra*.

**9.    CLASS ACTIONS**

This is not a class action.

**10.    RELATED CASES**

There are no related cases.

**11.    RELIEF**

Mrs. di Grazia seeks the following relief:

a.    A monetary award in excess of at least $7 million, consisting of Mrs. di Grazia's estimated share of all proceeds or other valuable consideration received by Sazerac in connection with its relinquishment of its rights to distribute the Herradura Brands, as well as Mrs. di Grazia's alleged actual damages including lost profits. The actual amount of Mrs. di Grazia's damages is subject to facts that are in dispute, including the amount of and basis for the payment or other valuable consideration Sazerac received in exchange for relinquishing its rights;

b.    An award of attorneys' fees and costs; and

c.    Such other relief as the Court deems just and proper.

Sazerac will state the relief it seeks at the time it answers the Complaint, should the Court deny, in whole or in part, Sazerac's Motion to Dismiss.

**12.    SETTLEMENT AND ADR**

The parties have agreed to participate in Court-sponsored Mediation pursuant to ADR L.R. 6 and have filed a stipulation to that effect. (Dkt. No. 14.) They agreed to hold the ADR session by 120 days from the date of the Court's ruling on Sazerac's Motion to Dismiss.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5                               7                    JOINT CASE MANAGEMENT CONFERENCE
                                                              STATEMENT, WITH PROPOSED ORDER
                                                              5:08-CV-01562 JW

1  Both parties have complied with ADR L.R. 3-5 and filed their executed ADR Certification (Dkt.
2  Nos. 15 and 16).

3        The parties agree that a meaningful document exchange is necessary to position
4  the parties to negotiate a resolution, and they anticipate that there may be discovery disputes to
5  resolve prior to mediation, including without limitation, that Sazerac may dispute the relevance of
6  its contract(s) with Brown-Forman Corp. (or others) related to its relinquishment of the
7  distribution rights that are the subject of Mrs. di Grazia's Complaint.

8  **13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**
9        Not all of the parties consent to have a trial of this case by a Magistrate Judge.

10  **14.  OTHER REFERENCES**
11        The parties do not believe that this case is suitable for reference to binding
12  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

13  **15.  NARROWING OF ISSUES**
14        At this time, the parties have not identified opportunities to narrow the issues by
15  agreement or motion, nor do they seek to bifurcate any issues, claims or defenses, but reserve
16  their right to seek leave to do so during the course of this action.

17  **16.  EXPEDITED SCHEDULE**
18        The parties do not at this time see a need for any expedited or streamlined
19  procedures.

20  **17.  SCHEDULING**
21        The parties propose the following schedule:

| | |
|---|---|
| Initial Disclosures Due: | 21 days after ruling on Motion to Dismiss *(approx. July 10-21)* |
| Mediation to be held by: | 120 days after ruling on Motion to Dismiss *(approx. November 20-29, 2008)* |
| Expert Reports due: | October 17, 2008 |
| Rebuttal expert reports due: | November 7, 2008 |
| Discovery cut-off: | December 1, 2008 |

| | | |
|---|---|---|
| 1 | Dispositive Motions to be heard: | February 2, 2009 |
| 2 | Preliminary Pre-Trial Conference: | February 16, 2009 |
| 3 | Final Pre-Trial Conference: | March 2, 2009 |
| 4 | Trial-ready date: | March 16, 2009 |

**18.   TRIAL**

The parties request a trial by jury.  The parties expect the trial to last 3-5 day(s).

**19.   NON-PARTY INTERESTED ENTITIES OR PERSONS**

Mrs. di Grazia will certify, pursuant to Civil Local Rule 3-16, that as of this date, other than the named parties, there is no such interest to report.

Sazerac will certify, pursuant to Civil Local Rule 3-16, that as of this date, other than the named parties, there is no such interest to report.

**20.   OTHER INFORMATION PROMOTING THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

There is no additional information to present in this category at this time.

Dated: June 24, 2008                              MANATT, PHELPS & PHILLIPS, LLP

By:   /s/ Andrew A. Bassak
      Andrew A. Bassak
      Attorneys for Plaintiff
      DEBORAH DI GRAZIA

Dated: June 24, 2008                              COOLEY GODWARD KRONISH LLP

By:   /s/ Michael A. Attanasio
      Michael A. Attanasio
      Attorneys for Defendant
      SAZERAC COMPANY, INC.

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Andrew A. Bassak hereby attests that concurrence in the filing of this document has been obtained.*

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5                         9                    JOINT CASE MANAGEMENT CONFERENCE
                                                        STATEMENT, WITH PROPOSED ORDER
                                                        5:08-CV-01562 JW

1  **CASE MANAGEMENT ORDER**

2  The parties' Joint Case Management Conference Statement and Proposed Order is hereby
3  adopted as the Case Management Order for the case, and the parties are ordered to comply with
4  this Order.

5  
6  Dated: _____, 2007            _____
                                            HON. JAMES WARE
7                                          UNITED STATES DISTRICT JUDGE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90019258.5                    10        JOINT CASE MANAGEMENT CONFERENCE
                                        STATEMENT, WITH PROPOSED ORDER
                                        5:08-CV-01562 JW