COOLEY GODWARD KRONISH LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
SAMANTHA M. EVERETT (234402)
(severett@cooley.com)
BENJAMIN F. CHAPMAN (234436)
(bchapman@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
SAZERAC COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH DI GRAZIA,<br><br>           Plaintiff,<br><br>      v.<br><br>SAZERAC COMPANY, INC.,<br>BROWN-FORMAN, INC., and<br>TEQUILA HERRADURA, S.A. de C.V.,<br><br>           Defendants. | Case No.  5:08-CV-01562-JW (PVT)<br><br>**STIPULATION AND [** XXXXXXXXXXXX **]**<br>**PROTECTIVE ORDER** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

## I. STIPULATION AND PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, Plaintiff Deborah Di Grazia and Defendants Sazerac Company, Inc. and Brown-Forman, Inc. ("Defendants") (Plaintiff and Defendants collectively "the Parties"), by and through their respective counsel, hereby stipulate and agree that the Court adopt the Stipulation and Protective Order ("Protective Order") as an order of the Court.

## II. INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

Discovery materials produced in this case may be labeled as one of two categories: "CONFIDENTIAL" and "CONFIDENTIAL OUTSIDE COUNSEL ONLY," as set forth below. These categories of information shall be identified collectively in this Protective Order by the title "Protected Information."

**A.     Designation of Protected Information**

1.     Any hard-copy document containing or including any Protected Information, other than deposition testimony or discovery responses, may be designated as such by the producing party by conspicuously marking or stamping each page containing Protected Information "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" prior to or at the time copies are furnished to the receiving party.

2.     Electronic media or any other tangible thing containing or including any Protected Information may be designated as such by the producing party by affixing a label to such media or thing with a "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" designation prior to or at the time copies are furnished to the receiving party. To avoid the inadvertent protection of information that is not Protected Information, if media is labeled as "CONFIDENTIAL" OR "CONFIDENTIAL OUTSIDE COUNSEL ONLY," the media must not contain information that is not Protected Information, or the information that is not Protected

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

Information must be produced on separate, non-designated media.

3. In the case of deposition testimony, the designating party may designate testimony as Protected Information by:

(a) Making a statement on the record, at any time during the deposition, that certain testimony is CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY.

(b) Sending written notice to all Parties, within fifteen (15) calendar days after receiving a certified copy of the deposition transcript, that certain testimony is CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY. Deposition transcripts shall be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Protective Order.

(c) To the extent that Protected Information is used in a deposition or pre-trial motion or hearing, such material shall remain subject to the provisions of the Protective Order, along with the transcript pages of the deposition testimony disclosing the Protected Information, without the need for further designation.

4. In the case of discovery responses, designation of Protected Information shall be made by stating in each specific response that the answer, or parts thereof, contain CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information.

5. All Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraphs 1-4, shall be designated by the producing party by informing the receiving party of the designation in writing.

6. A designating party that at the time of the production inadvertently fails to designate discovery material as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or inadvertently designates discovery material as "CONFIDENTIAL" instead of "CONFIDENTIAL OUTSIDE COUNSEL ONLY," may correct its failure upon discovery of the error. Any un-designated or incorrectly designated discovery material shall be properly designated as soon as reasonably possible after the designating party becomes aware of the inadvertently omitted or incorrect designation. Such correction and notice thereof shall be

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

1  made in writing, accompanied by substitute copies with the corrective designation.  Upon notice,
2  the receiving party shall promptly replace the existing incorrect copies with the appropriately
3  designated Discovery Material.  The receiving party shall thereafter treat the discovery material
4  as Protected Information in accord with the corrected designation, but no receiving party shall be
5  held responsible for any disclosures that were made prior to the corrective notice.  Within fifteen
6  (15) calendar days of receipt of the substitute copies, the receiving party shall (1) return all copies
7  of the previously un-designated or incorrectly designated material to the designating party or (2)
8  destroy all copies and provide written certification of the destruction of the incorrectly designated
9  material to the designating party.

**B.  Information Designated as Confidential**

7.  For purposes of this Protective Order, "CONFIDENTIAL" information shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential technical, sales, marketing, financial, or other commercially sensitive  information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  CONFIDENTIAL information must qualify for protection under the standards developed under Federal Rule of Civil Procedure 26(c).

8.  Documents designated CONFIDENTIAL and information contained therein shall be available only to:

(a)  The Parties;

(b)  Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(c)  Outside experts, advisers and consultants and their necessary support personnel, subject to the provisions of paragraphs 11-12 herein, and who have signed the form attached hereto as Attachment A;

(d)  The Court, its personnel and stenographic reporters (under seal or with

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

other suitable precautions determined by the Court);

   (e) Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors; and

   (f) Witnesses in this action where at least one of the following conditions applies:

    i. The witness is a current employee of the designating party;

    ii. The witness is a person identified as an author, recipient, or one who otherwise had access to or knowledge of the Protected Information prior to its production in this action;

    iii. The designating party has consented on the record at a deposition or hearing to the disclosure of the Protected Information to the witness; or

    iv. At least ten (10) days prior to the disclosure, the party desiring to disclose the Protected Information to the witness notifies the designating party of that desire, with a specific identification of the Protected Information to be disclosed, and the designating party fails to object in writing to such desire within that ten (10) day period. If, however, an objection is made in writing, the Protected Information may not be disclosed to the witness until and unless the receiving party desiring to make such disclosure moves for, and obtains, appropriate relief from the Court.

  Witnesses receiving Protected Information under this section shall not be allowed to retain copies of any such material received. A witness who received Protected Information during a deposition, however, may review that material while reviewing the transcript of the deposition, provided that the Protected Information is not retained by the witness after the review of the transcript for accuracy is complete.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

**C.    Information Designated as Confidential Outside Counsel Only**

9.    The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL information that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data or information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL information relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

10.    Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the categories of persons identified in paragraphs 8(b)-(f), above, and to Deborah di Grazia.

**D.    Disclosure of Experts**

11.    Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's experts and their necessary support personnel.  The term "expert" shall mean an independent, outside expert witness or consultant with whom counsel may deem it necessary to consult.

12.    No disclosure of Protected Information to an expert or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party.

**E.    Challenges to Confidentiality Designations**

13.    The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Protective Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party cancel

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

1  or modify the Protected Information designation with respect to any document or information
2  contained therein.

3    14. A party shall not be obligated to challenge the propriety of a designation of any
4  category of Protected Information at the time of production, and a failure to do so shall not
5  preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on
6  counsel for the producing party, and shall particularly identify the documents or information that
7  the receiving party contends should be differently designated.  The parties shall use their best
8  efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the
9  receiving party shall request that the Court cancel or modify a designation.  The burden of
10 demonstrating the confidential nature of any information shall at all times be and remain on the
11 designating party.

12   15. Until a determination by the Court, the information in issue shall be treated as
13 having been properly designated and subject to the terms of this Protective Order.

14 **F. Limitations on the Use of Protected Information**

15   16. All Protected Information shall be held in confidence by each person to whom it is
16 disclosed, shall be used only for purposes of this litigation, shall not be used for any business
17 purpose, and shall not be disclosed to any person who is not entitled to receive such information
18 as herein provided.  All produced Protected Information shall be carefully maintained so as to
19 preclude access by persons who are not entitled to receive such information.

20   17. All transcripts of depositions, exhibits, answers to interrogatories, pleadings,
21 briefs, and other documents submitted to the Court which have been designated as Protected
22 Information, or which contain information so designated, shall be filed under seal and the filing
23 party shall comply with Civil Local Rule 79-5.

24   18. Protected Information shall not be copied or otherwise produced by a receiving
25 party, except for transmission to qualified recipients, without the written permission of the
26 producing party, or, in the alternative, by further order of the Court.  Nothing herein shall,
27 however, restrict a qualified recipient from making working copies, abstracts, digests and
28 analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

**G.     Nonparty Use of This Protective Order**

19.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

20.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

**H.     No Waiver of Privilege**

21.     Each party shall make efforts that are 'reasonably designed' to protect its privileged materials. *See Gomez v.Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.' *See*, *e.g.*, *Hynix Semiconductor, Inc. v. Rambus, Inc.*, 2008 WL 350641, *1–*2 (ND Cal., Feb. 2, 2008); *see also*, FED. R. CIV. PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate preproduction review, the parties may enter into non-waiver agreements for that particular production. If the Requesting Party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order. In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing Party

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

shall notify the Receiving Party that the document(s) or materials should have been withheld on grounds of privilege. After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion.

**I.     Miscellaneous Provisions**

22.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more category of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall promptly notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

1    the foregoing shall not prevent the producing party from seeking further relief from the Court.

2        23.    Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information, not embodied in physical objects and documents shall remain subject to this Protective Order.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.  If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

        24.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

party to whom the referenced subpoena is directed may produce such documents in response thereto.

25. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order, or otherwise move to amend, alter or modify this Protective Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Protective Order may enter a written agreement releasing any other party hereto from one or more requirements of this Protective Order even if the conduct subject to the release would otherwise violate the terms herein.

26. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California.

**IT IS SO STIPULATED.**

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

| | | |
|---|---|---|
| 1 | Dated:  August 21, 2009 | MANATT, PHELPS & PHILLIPS, LLP |

By:  /s/ Ann M. Heimberger
Ann M. Heimberger (197060)

Attorneys for Plaintiff
DEBORAH DI GRAZIA

Dated:  August 21, 2009                         COOLEY GODWARD KRONISH LLP


By:  /s/ Michael A. Attanasio
Michael A. Attanasio (151529)

Attorneys for Defendant
SAZERAC COMPANY, INC.

Dated:  August 21, 2009                         STITES & HARBISON PLLC


By:  /s/ Charles J. Cronan IV
Charles J. Cronan IV (appearing *pro hac vice*)

Attorneys for Defendant
BROWN-FORMAN, INC.

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Ann M. Heimberger hereby attests that concurrence in the filing of this document has been obtained.*

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated:  August 25, 2009                          By: /s/ Patricia V. Trumbull
The Honorable Patricia V. Trumbull
United States Magistrate Judge

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

# ATTACHMENT A TO THE PROTECTIVE ORDER

**CONFIDENTIALITY AGREEMENT**

I reside at _____.

1. My present employer is _____.

2. My present occupation or job description is _____.

3. I have read the Protective Order dated _____, 2009, and have been engaged as _____ on behalf of _____ _____ in the preparation and conduct of litigation styled *Di Grazia v. Sazerac, et al.* Case No. C 08-01562 JW, in the United States District Court for the Northern District of California.

4. I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY information are to be returned to counsel who provided me with such material.

/ / /

/ / /

/ / /

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

1      5.    I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Protective Order, except as provided in said Protective Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on _____
                      [date]

                                                                       [signature]

Company: _____

Address: _____

           _____

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)

90083761.2

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

**STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:08-CV-01562-JW (PVT)**